ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| FIX IT, LLC<br><br>APELADA<br><br>v.<br><br>NANCY SÁNCHEZ ESTRADA<br><br>APELANTE | KLAN202500304 | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Caso núm.: GB2024CV00125<br><br>Sobre: Cobro de Dinero (Regla 60) |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2025.

Comparece ante nosotros la Asociación de Empleados del Estado Libre Asociado de Puerto Rico, en representación de la señora Nancy Sánchez Estrada (Sra. Sánchez; apelante), mediante el presente recurso apelativo y nos solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), emitida el 20 de febrero de 2025 y notificada el mismo día. Mediante el referido dictamen, el TPI declaró Ha Lugar la *Demanda* presentada el 10 de febrero de 2024.

Por las razones que expondremos a continuación, se confirma la *Sentencia* apelada. Veamos el tracto fáctico y procesal pertinente.

**I**

El 10 de febrero de 2024, Fix It LLC (Fix It; apelada) presentó una *Demanda* sobre cobro de dinero bajo la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, R. 60, según enmendada (Regla

60), contra la Sra. Sánchez.[1] En síntesis, manifestó que esta le adeudaba la cantidad total de $14,005.00, por concepto de taller y reparación de vehículo de motor Mercedes Benz, M Class 2013 con 101,889 millas, *vin number* 4JGDA5HB7DA200113. Ello así, expresó que la deuda se encontraba vencida, líquida y exigible. Adujo que el vehículo de motor se encontraba reparado y listo para recoger desde el 1ro. de diciembre de 2023 y generaba cargos por almacenamiento. La parte apelada solicitó que se declarara Ha Lugar la *Demanda* y se dictara sentencia donde ordenara a la Sra. Sánchez a realizar el pago total de la suma adeudada de $14,005.00, más el pago de una cuantía de $2,500.00 por concepto de costas, gastos y honorarios legales.

El 27 de junio de 2024, la Sra. Sánchez presentó *Contestación a Demanda*[2] mediante la cual negó que adeudaba la cantidad de $14,005.00 a Fix It LLC por concepto de taller y reparación de vehículo. De igual manera, negó que la cantidad reclamada era líquida y exigible. También indicó que, previo a la causa de acción de cobro de dinero incoada por la parte apelada, presentó una querella ante el Departamento de Asuntos del Consumidor (DACo) debido al incumplimiento, la dejadez y la negligencia de la empresa en cuanto a la reparación de la unidad vehicular que le fue encomendada. Adujo que, ante esa situación, la jurisdicción primaria inicial para adjudicar y entender toda controversia sobre la reparación del vehículo debe ser objeto de consideración de la agencia administrativa. A tales efectos, la Sra. Sánchez solicitó que se declarara sin lugar la *Demanda* y la imposición a la parte apelada de las costas, gastos y honorarios de abogado.

---

[1] Apéndice del recurso, págs. 1-3.
[2] Apéndice del recurso, págs. 7-12.

Posteriormente, el 19 de noviembre de 2024, la parte apelada envió un requerimiento de admisiones,[3] en el cual se solicitó que la parte apelante admitiera las siguientes alegaciones:

1. Admita de usted parte demandada, adeuda a la parte demandante la suma de $14,005.00 por concepto de taller y reparación de vehículo de motor Mercedes Benz, M Class 2013 con 101,889 millas, *vin number* 4JGDA5HB7DA200113.
2. Admita que usted adeuda las cantidades reclamadas por el almacenamiento del vehículo de motor a razón de $100.00 diarios.
3. Admita que el vehículo se encuentra reparado y listo para recoger desde el primero de diciembre de 2023.
4. Admita que DACO desestimó su reclamo por estar el vehículo debidamente reparado.

Así las cosas, el foro primario emitió una *Orden*[4] en la cual instruyó a la señora Sánchez a exponer su posición sobre el *Requerimiento de Admisiones*[5] presentado por la parte apelada, en el término de cinco (5) días improrrogables. El 11 de diciembre de 2024, la parte apelada presentó *Moción Sobre Admisiones de la Parte Demandada y Evidencia a Someter*[6], la cual incluía la factura por servicios y la resolución final del DACO cerrando el caso. Mediante dicho escrito, la parte apelada alegó que el 19 de noviembre de 2024 notificó un *Requerimiento de Admisiones* a la parte apelante y que el término para contestar o negar el mismo venció el 9 de diciembre de 2024, sin que esta emitiera la contestación requerida ni presentara solicitud de prórroga dentro de los veinte (20) días de haberle sido notificado el requerimiento; por lo cual se dieron por admitidas las alegaciones sobre las cuales se solicitó admisión. A raíz de ello, la parte apelada solicitó al foro primario que "dicte sentencia parcial en cuanto al balance de la reparación vencida y continuara con la reclamación sobre los "Lay Days" o *storage fee* (almacenamiento)"[7].

---

[3] Apéndice del recurso, págs. 29-30.
[4] Apéndice del recurso, pág. 31.
[5] *Id.*
[6] Apéndice del recurso, págs. 45-54.
[7] Apéndice d2el recurso, pág. 47.

En respuesta, el foro primario emitió una *Orden* el 12 de diciembre de 2024, en la cual dispuso que la Sra. Sánchez debía mostrar causa por la cual no se debía acceder a la solicitud de la parte apelada en o antes del 17 de diciembre de 2024.[8] Así las cosas, el 18 de diciembre de 2024, el foro primario emitió *Notificación*[9] mediante la cual expuso que, transcurrido en exceso el término concedido a la Sra. Sánchez sin que compareciera, el tribunal dio por sometida la solicitud de la parte apelada.

Posteriormente, el mismo día, la Sra. Sánchez presentó *Moción en Cumplimiento de Orden, Oposición a Moción Sobre Admisiones de la Parte Demandada y Evidencia a Someter y Solicitud para Retirar Admisión Tácita de Conformidad con la Regla 33 (b) de las de Procedimiento Civil*[10] con fecha del 17 de diciembre del 2024. En lo pertinente a este caso, la Sra. Sánchez adujo que la Regla 33 (b) de Procedimiento Civil[11] dispone que cualquier admisión hecha de conformidad con la Regla 33 de Procedimiento Civil[12], será definitiva a menos que el tribunal, previa moción al efecto, permita el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos. A raíz de ello, la Sra. Sánchez solicitó del foro primario que dejara sin efecto las admisiones tácitas que el demandante insiste en que se den por admitidas, debido a los efectos que pueden tener en la adjudicación del pleito. Además, solicitó del foro primario que declare No Ha Lugar la moción para dictar sentencia por las alegaciones; ordene el retiro de las admisiones tácitas invocadas por la parte demandante; y provea cualquier otro remedio que proceda en derecho.

El 18 de diciembre de 2024, el representante legal de la apelante presentó *Solicitud de Reconsideración a Orden de Dar por*

---

[8] Apéndice del recurso, pág. 56.
[9] Apéndice del recurso, pág. 57.
[10] Apéndice del recurso, págs. 58-67.
[11] 32 LPRA Ap. V, R. 33b.
[12] 32 LPRA Ap. V, R. 33.

*Sometida Moción Sobre Admisiones de la Parte Demandada y Evidencia a Someter*[13] mediante la cual adujo que durante la tarde del 17 de diciembre de 2024 completó la redacción del documento requerido por el foro primario y que, debido a una situación de salud de su esposa, fue necesario acompañarla al Hospital Auxilio Mutuo. Además, informó que, debido a varios problemas técnicos, no pudieron tener acceso a SUMAC hasta la mañana del 18 de diciembre de 2024. En consecuencia, solicitó del foro primario que aceptara la presentación tardía del documento y proveyera de conformidad.

En respuesta, el foro primario emitió una *Orden*[14] el 20 de febrero de 2025 donde declaró No Ha Lugar la solicitud de reconsideración presentada por la Sra. Sánchez el 18 de diciembre de 2024. Ese mismo día, el foro primario emitió *Sentencia*[15] mediante la cual señaló que el término para contestar o negar el requerimiento de admisiones concluyó el 9 de diciembre de 2024. Transcurrido el término sin emitir la contestación requerida ni solicitar prórroga, el foro a quo dio por sometida la *Moción* del 12 de diciembre de 2024 presentada por la parte apelada. Las admisiones que se dieron por admitidas y las cuales forman parte de la *Sentencia* son:

a. La parte demandada, adeuda a la parte demandante la suma de $14,005.00 por concepto de taller y reparación de vehículo de motor Mercedes Benz, M Class 2013 con 101,889 millas, *vin number* 4JGDA5HB7DA200113.

b. La demandada adeuda las cantidades reclamadas por el almacenamiento del vehículo de motor a razón de $100.00 diarios.

c. El vehículo se encuentra reparado y listo para recoger desde el primero de diciembre de 2023.

d. DACO ordenó el cierre y archivo del caso.[16]

---

[13] Apéndice del recurso, págs. 71-73.
[14] Apéndice del recurso, pág. 74.
[15] Apéndice del recurso, págs. 77-83.
[16] Apéndice del recurso, págs. 79-80.

Se declaró Ha Lugar la *Demanda* del 10 de febrero de 2024 y se ordenó a la Sra. Sánchez a satisfacerle a la parte apelada la cantidad de $14,005.00 por concepto de taller, reparación de vehículo de motor y $15,525.00 por gastos de almacenamiento, más los intereses al tipo legal establecido para las obligaciones privadas por la Oficina del Comisionado de Instituciones Financieras en esta fecha, a partir del 20 de febrero de 2025 y hasta su total y completo saldo. Además, se ordenó a la apelante a satisfacer la cantidad de $1,000.00 por concepto de honorarios de abogados.

Posteriormente, el 7 de marzo de 2025, la Sra. Sánchez presentó una *Solicitud de Reconsideración a Sentencia*[17]. En síntesis, alegó que el reclamo de la parte apelada en cuanto a que la deuda era líquida y exigible se basa en que la Sra. Sánchez hizo una admisión tácita de que esa era la cantidad realmente adeudada. No obstante, adujo que esto no era cierto, ya que expresamente fue negado en la *Contestación a Demanda*. A esos efectos, la Sra. Sánchez solicitó lo siguiente: que se declare Ha Lugar la *Solicitud de Reconsideración* y No Ha Lugar la *Solicitud de Sentencia por las Alegaciones*; que se permita el retiro de las admisiones tácitas invocadas por la parte demandante; y, que proveyera cualquier otro remedio que proceda en derecho.

En respuesta, el foro primario emitió una *Orden*[18] el 10 de marzo de 2025, mediante la cual reconsideró la *Sentencia* emitida el 20 de febrero de 2025 solamente en cuanto a las sanciones impuestas y sostenidas en la misma, dejándolas sin efecto. En cuanto a lo demás, el foro primario declaró No Ha Lugar a la reconsideración.

---

[17] Apéndice del recurso, págs. 84-94.
[18] Apéndice del recurso, pág. 95.

En desacuerdo con el dictamen del foro primario, el 9 de abril de 2025, la parte apelante presentó el recurso de apelación que nos ocupa y señaló que el foro apelado incurrió en los siguientes errores:

Incurrió en error de derecho el Tribunal de Primera Instancia al evaluar los criterios a considerar al momento de determinar la procedencia de una solicitud de sentencia por las alegaciones al amparo de la Regla 10.3 de Procedimiento Civil.

Incurrió en error de derecho el tribunal de primera instancia al no considerar los méritos de la solicitud para relevar a la parte demandada de la admisión tácita del requerimiento de admisiones presentado por la parte demandante de conformidad con la Regla 33 (b) de las de Procedimiento Civil.

La parte apelada presentó su alegato el 23 de abril de 2025, por lo que, con el beneficio de los escritos de las partes, resolvemos el presente recurso conforme al derecho aplicable que vamos a reseñar.

## II

### A

Con respecto a las obligaciones dinerarias, el demandante de una acción judicial sobre cobro de dinero "solo tiene que probar que existe una deuda válida, que la misma no se ha pagado, que él es el acreedor y los demandados sus deudores". *General Electric v. Concessionaires, Inc.,* 118 DPR 32, 43 (1986). Como es sabido, por la vía judicial, el acreedor únicamente puede reclamar las deudas que sean líquidas, vencidas y exigibles. Nuestro más Alto Foro ha expresado que "[u]na deuda es 'líquida' cuando la cuantía de dinero debida es 'cierta' y 'determinada'. *Ramos y otros v. Colón y otros*, 153 DPR 534, 546 (2001); *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965). Se considera que la deuda es exigible cuando puede demandarse su cumplimiento. *Guadalupe v. Rodríguez,* 70 DPR 958, 966 (1950). "Por consiguiente, al alegarse que la cuenta es ´líquida y exigible' se están exponiendo hechos, a saber: que el residuo de la cuantía ha sido aceptado como correcto por el deudor y que está

vencido". Es decir, que el cumplimiento no está sujeto a ningún evento o condición. *Id.* En síntesis, la deuda es líquida cuando se sabe cuánto es lo que se debe, está vencida como resultado del impago y se considera exigible cuando la obligación no está sujeta a ninguna causa de nulidad.

**B**

El requerimiento de admisiones, instituido mediante la Regla 33 de Procedimiento Civil, *supra*, R.33, es un escrito que una parte le dirige a otra para que admita la certeza de ciertos hechos o la autenticidad de ciertos documentos. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, P.R., 2017, pág. 369. El efecto de la admisión es relevar a la parte que ha requerido las admisiones de presentar en el juicio prueba sobre los hechos admitidos. J. Cuevas Segarra, Tratado de Derecho Procesal Civil, 1ra. ed., Viejo San Juan, Publicaciones J.T.S., 2000, Tomo I, pág. 568. En lo pertinente al asunto traído ante nuestra consideración, la Regla 33 de Procedimiento Civil, *supra*, R.33, dispone lo siguiente:

> Cada materia sobre la cual se requiera una admisión deberá formularse por separado. **Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación**, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. 32 L.P.R.A. Ap. V. (Énfasis nuestro.)

La Regla 33 de Procedimiento Civil, *supra*, R.33, es clara en cuanto a las consecuencias que produce el no contestar u objetar el requerimiento dentro del término indicado. En tal caso, "[t]odas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas". *Id.* Véase, además, *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 172 (2007). Esta admisión será automática y se considera definitiva a menos que la parte que hizo la admisión

solicite al tribunal, bajo la Regla 33(b) de Procedimiento Civil, *supra*, R.33 (b), ser relevado de los efectos de dicha admisión. Ahora bien, un litigante debe tener derecho a retirar una admisión solo si demuestra que incurrió en un error honesto al hacerla y que dicho error derrota la justicia básica del caso. R. Hernández Colón, *op. cit.,* pág. 371. Por su parte, el tribunal podrá permitir el retiro o enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o enmienda afectará adversamente su reclamación o defensa. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 573 (1997).

### III

En el primer señalamiento de error, la parte apelante expone que el foro primario **erró al evaluar los criterios a considerar al momento de determinar la procedencia de una solicitud de sentencia por las alegaciones al amparo de la Regla 10.3 de Procedimiento Civil.** No se desprende del expediente que se haya presentado moción, ni determinación al amparo de la Regla 10.3 de Procedimiento Civil, *supra*, R. 10.3 para que se dicte sentencia por las alegaciones. En la sentencia apelada, el TPI expone y dispone lo siguiente:

> Los tribunales estamos obligados a interpretar las Reglas de Procedimiento Civil, de modo que garanticen una solución justa, rápida y económica de todo procedimiento. *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* [*supra*]. Los requerimientos de admisiones tienen una función importante en nuestro sistema judicial adversativo, debido a que son un instrumento sencillo y económico que sirve para delimitar las controversias de un caso. Sus objetivos son aligerar los procedimientos, definir y limitar las controversias del caso y proporcionar un cuadro más claro de estas. La admisión tiene el efecto de relevar a la parte adversa de presentar, en el juicio, prueba de los hechos admitidos, propicia que se acorte la audiencia y evita gastos innecesarios. La admisión de un requerimiento es definitiva, salvo que el tribunal permita su retiro o una enmienda. *Rivera Prudencio v. Mun. de San Juan,* [*supra*, pág. 171]. La decisión en *Rivera Prudencio v. Mun. de San Juan, supra*, págs. 171-172, **reitera el**

**deber afirmativo del requerido de responder y de hacer las gestiones necesarias para obtener la información para admitir o negar**. El Tribunal Supremo de Puerto Rico advirtió que **los tribunales no pueden refrendar la dejadez y desidia de una parte que, con sus actuaciones, promueve la dilación de los procedimientos judiciales**. La falta de diligencia y el incumplimiento del término de veinte (20) días para admitir o negar, de las órdenes del tribunal y del apercibimiento de las consecuencias de su desobediencia, acarrean que se dé por admitido el requerimiento.

### III. DISPOSICIÓN

Por las razones expuestas, se declara Ha Lugar la demanda y se ordena a la demandada a satisfacerle a la demandante la cantidad de $14,005.00 por concepto de taller, reparación de vehículo de motor y $15,525.00 por gastos de almacenamiento, más los intereses al tipo legal establecido para las obligaciones privadas por la Oficina del Comisionado de Instituciones Financieras [...]. (Énfasis nuestro.)[19]

A la luz de lo anterior, queda claro que no se cometió el error señalado puesto que no es un asunto que estuvo bajo la consideración del TPI por lo que tampoco emitió dictamen alguno al respecto.

En el segundo señalamiento de error, se expone que el TPI incidió al no considerar los méritos de la solicitud para relevar a la Sra. Sánchez de la admisión tácita del requerimiento de admisiones presentado por la parte demandante de conformidad con la Regla 33 (b) de las de Procedimiento Civil, *supra*. El fundamento de la sentencia apelada surge del propio texto de la Regla 33 de Procedimiento Civil, *supra*, el cual dispone que **"[t]odas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo**

---

[19] Apéndice del recurso, págs. 82-83.

**juramento por la parte o una objeción escrita sobre la materia.** La Regla 33 de Procedimiento Civil, *supra,* R.33, es clara en cuanto a las consecuencias que produce el no contestar u objetar el requerimiento dentro del término indicado.

En el presente caso, el 19 de noviembre de 2024, la parte apelada envió un Requerimiento de Admisiones. Transcurrido el término de veinte (20) días reglamentarios, sin que la parte apelante emitiera una contestación suscrita bajo juramento o una objeción escrita sobre la materia, el 11 de diciembre de 2024, la parte apelada presentó *Moción Sobre Admisiones de la Parte Demandada y Evidencia a Someter.* En respuesta, el 12 de diciembre de 2024, el foro primario emitió una *Orden* en la cual dispuso que la parte apelante debía mostrar causa por la cual no se debía acceder a la solicitud de la parte apelada en o antes del 17 de diciembre de 2024. La parte apelante no compareció ante el tribunal dentro del término indicado, por lo que, el 18 de diciembre de 2024, el foro primario dio por admitidas las alegaciones sobre las cuales se solicitó admisión y dictó *Sentencia* el 20 de febrero de 2025, la cual declaró Ha Lugar la *Demanda.*

Según surge del expediente, el 18 de diciembre de 2024, la parte apelante presentó *Moción* en la que solicitó se retirara la admisión tácita de conformidad con la Regla 33 (b) de las de Procedimiento Civil, *supra.* Según esbozamos anteriormente, la parte que hizo la admisión tiene derecho a solicitarle al tribunal, bajo la Regla 33(b) de Procedimiento Civil, *supra,* R.33 (b), de ser relevado de los efectos de dicha admisión. Además, el tribunal podrá permitir el retiro o la enmienda de la admisión si ello contribuye a la disposición del caso en sus méritos y la parte que obtuvo la admisión no demuestra al tribunal que el retiro o la enmienda afectará adversamente su reclamación o defensa. Conforme a esta disposición, la parte apelante solicitó al foro primario que dejara sin

efecto las admisiones tácitas que la parte apelada insiste en que se den por admitidas debido a los efectos que puede tener en la adjudicación del presente pleito. Sin embargo, conforme lo establece el derecho antes citado, transcurrido en exceso el término concedido a la parte apelante sin que compareciera para contestar u objetar el Requerimiento de Admisiones, el foro primario dio por admitidas las alegaciones que fueron objeto del requerimiento de admisiones.

Resolvemos que no se cometieron los errores señalados por la parte apelante, por lo que procede confirmar la sentencia.

**IV**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada emitida el 20 de febrero de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Aldebol Mora concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones